IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK LAKEITH BROWN, :
:
       Plaintiff, :
: CIVIL NO. 3:CV-12-1679
  v. :
: (Judge Conaboy)
LIEUTENANT R. MILLER, et :
al., :
:
       Defendants, :

FILED
SCRANTON

OCT 11 2012

PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

This is the latest in a series of pro se civil rights actions pursuant to 28 U.S.C. § 1331 filed by Derrick Lakeith Brown regarding his incarceration at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Accompanying the Complaint is an application requesting leave to proceed in forma pauperis. Plaintiff has also submitted a motion alleging imminent harm which requests that this matter not be dismissed pursuant to the screening provisions of 28 U.S.C. § 1915(g). See Doc. 4.

Named as Defendants in the Complaint are approximately fifteen (15) USP-Lewisburg officials including Associate Warden Rear and eight (8) members of the prison's medical staff. See Doc. 1, ¶ III. According to the Complaint, officials from the State of Tennessee and the City of Memphis have conspired with

1

USP-Lewisburg officials since 2009 to: record Plaintiff's telephone conversations; place him in ambulatory restraints; refuse his requests for protective custody; deny him needed medical and psychiatric care; file falsified incident reports against him; and subject him to inmate assaults in an effort to accomplish his murder. See id. at ¶ IV(1). Plaintiff adds that on February 29, 2012 prison staff tried to force him to cell with a "violent and dangerous highly trained martial artist/boxer, assassin, hitman and federal informant inmate/impostor Johnson." See id. at p. 5. It is further asserted that Johnson was selected to be Brown's cellmate, in order to participate in the Plaintiff's murder.

When Plaintiff refused the cell assignment he was subjected to verbal threats by correctional officers and allegedly placed in ambulatory restraints for a one day period. Plaintiff adds that he was subjected to excessive force during the application of the ambulatory restraints and that they were applied too tightly. His final claim is that he was not given any medical treatment for injuries (a total of 15 cuts) suffered during the above incident. As relief, Brown's Complaint seeks compensatory and punitive damages as well as injunctive relief.

## Discussion

28 U.S.C. § 1915(g) provides that a federal civil action

by a prisoner proceeding in forma pauperis is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has a history of filing frivolous lawsuits in this district as well as in other courts. For instance, while incarcerated, Brown previously initiated the following civil actions which were dismissed as frivolous by the United States District Court for the Western District of Tennessee: Brown v. Memphis Police, No. 2:01-2868 (Nov. 13, 2001)(sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii)); Brown v. Shelby County, et al., No. 2:02-2365 (June 19, 2002) (dismissal on grounds that § 1983 complaint is frivolous); Brown v. Shelby County, et al., No. 2:02-2366 (June 19, 2002)(sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) (ii) and (iii)); and Brown v. Nurse Brown, et al., No. 2:02-2368 (June 27, 2002)(dismissal with observation that Brown has three dismissals of cases as frivolous and thus is subject to § 1915(g)).

Following Plaintiff's transfer to USP-Lewisburg, he filed multiple civil rights actions in this district court which were

likewise dismissed under § 1915(g). See Brown v. Kustoff, Civil No. 3:CV-10-200 (M.D. Pa. Jan. 29, 2010)(Conaboy, J.); Brown v. Lappin, 3:CV-09-1732, (M.D. Pa. Nov. 10, 2009)(Vanaskie, J.); Brown v. Bledsoe, et al., Civil No. 3:CV-09-1742, (M.D. Pa. Nov. 17, 2009)(Vanaskie, J.); Brown v. Lappin et al., Civil No. 3:CV-09-1898, (M.D. Pa. Nov. 16, 2009);(Vanaskie, J.); and Brown v. State of Tennessee, et al., Civil No. 3:CV-09-2153, (M.D. Pa. Nov. 16, 2009)(Vanaskie, J.).

The unconstitutional conduct alleged in Brown's latest action does not place this inmate in danger of imminent "serious physical injury" at the time his Complaint was filed on August 10, 2012. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001); McCarthy v. Warden, USP-Allenwood, 2007 WL 2071891 *2 (M.D. Pa. July 18, 2007)(Caldwell, J.) (the danger of serious physical injury must be about to occur at any moment or impending at the time the complaint was filed, not at the time of the alleged incident). On the contrary, this action primarily centers upon a February 12, 2012 incident (approximately six months prior to the initiation of the Complaint) during which Brown was subjected to ambulatory restraints for a one day period after he refused to be celled with an Inmate Johnson.[1] Since there is no indication that

---

[1] It is also noted that there is no factual support for Plaintiff's far fetched assertion that Johnson was a highly trained assassin who was directed to carry out his murder.
   Plaintiff's additional claims that officials from the State of Tennessee, City of Memphis have conspired to commit
(continued...)

4

Plaintiff was ever actually housed with his alleged assailant or was subjected to any ambulatory restraint placement after the one (1) day period at issue he was not placed at risk of any subsequent serious physical injury when this action was filed approximately six (6) months later. Accordingly, this action will be dismissed under § 1915(g).

Since the dismissal of Brown's action is being entered under § 1915(g) and he is barred from proceeding *in forma pauperis*, Plaintiff's *in forma pauperis* application (Doc. 2) and his motion alleging imminent danger will be denied and the Administrative Order issued in this matter ON August 22, 2012 (Doc. 6) will be vacated. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER 9th, 2012

---

¹(...continued)
his murder with USP-Lewisburg officials since 2009 also appears to be the result of a delusional scenario created by Brown.

5